WILSON TURNER KOSMO LLP
MERYL C. MANEKER (188342)
KATHERINE M. MCCRAY (243500)
ALEXANDRA L. PREECE (299715)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: kmccray@wilsonturnerkosmo.com
E-mail: apreece@wilsonturnerkosmo.com

Attorneys for Defendant
SUBARU OF AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHERYL SAUER on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>SUBARU OF AMERICA, INC.,<br><br>            Defendant. | Case No. 5:18-CV-00118<br><br>**DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS ACTION UNDER 28 U.S.C. §§ 1332(a) (DIVERSITY JURISDICTION), 1332(d)(2) (CAFA), AND 1441**<br><br>**<u>CLASS ACTION</u>** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a) (diversity jurisdiction), 1332(d) (Class Action Fairness Act), 1441(a), and 1446, Defendant SUBARU OF AMERICA, INC. ("Subaru") hereby removes this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division and sets forth in support of its Notice of Removal of Action the following:

1.    On December 20, 2017, Plaintiff CHERYL SAUER ("Plaintiff") filed a class action complaint in the Superior Court of the State of California, County of San

Bernardino, entitled *Cheryl Sauer v. Subaru of America, Inc.*, Case No. CIVDS1725133 (the "Complaint").  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A** (hereinafter "Compl.").

2.      The complaint alleges the following causes of action: (1) breach of written warranty under the Magnuson-Moss Warranty Act ("Magnuson-Moss") (15 U.S.C. § 2301 *et seq.*); (2) breach of implied warranty under Magnuson-Moss (15 U.S.C. § 2301 *et seq.*); (3) breach of written warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly") (Cal. Civ. Code § 1793.2); (4) breach of implied warranty under Song-Beverly (Cal. Civ. Code § 1790); (5) violation of the California False Advertising Act (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (6) violation of the Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et seq.*).

3.      On December 22, 2017, Plaintiff personally served Subaru through its agent for service of process.  A true and correct copy of the Summons, Civil Case Cover Sheet, and related papers that Subaru received is attached hereto as **Exhibit B**.

4.      Pursuant to 28 U.S.C. Section 1446(d), Exhibits A and B constitute all process, pleadings, and orders served on Subaru or received or filed by Subaru in this action.  To Subaru's knowledge, no further process, pleadings, or orders related to this case have been filed in San Bernardino Superior Court or served by any party.

5.      To Subaru's knowledge, no proceedings related hereto have been heard in San Bernardino Superior Court.

6.      This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332(a), and may be removed to this Court by Subaru pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action between citizens of different states and it appears that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.  Subaru's removal on the basis of diversity is timely and properly removed by the filing of this Notice.

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

7.      Furthermore, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. sections 1441 and 1446.  As set out in detail below, this action meets all of CAFA's requirements for removal and this removal is timely and properly removed by the filing of this Notice.

I.      **DIVERSITY JURISDICTION**

A.      **Complete Diversity Of Citizenship Exists Between Plaintiff And Subaru**

8.      As alleged in the Complaint, Plaintiff is a resident of San Bernardino County.  (Compl. at ¶ 44 ("Venue is proper in the County of San Bernardino because Plaintiff resides here and has resided here at all relevant times[.]").)  Plaintiff's residence is *prima facie* evidence that she is domiciled in, and thus a citizen of, California for purposes of diversity.  *See, e.g., State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Barrera v. W. United Ins. Co.*, 567 F.App'x 491, 492 n.1 (9th Cir. 2014); *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

9.      Subaru, at the time this action was commenced, and at the time of the filing of this Notice of Removal, was and still is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Cherry Hill, New Jersey.  (Gray Decl. ¶ 2.)  Subaru was not and is not organized under the laws of the State of California, wherein this action was brought.  (Gray Decl. ¶ 2.)  Thus, Subaru is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

-3-                          Case No. 5:18-CV-00118

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

1    principal place of business").

2          10.     While Plaintiff alleges that Subaru is doing business in the State of

3    California, Plaintiff's failure to plead Subaru's accurate citizenship is not grounds for

4    denying or delaying removal jurisdiction.  *KDY, Inc. v. Hydroslotter Corp.*, No. 08-

5    4074 SC, 2008 U.S. Dist. LEXIS 95698 (N.D. Cal. Nov. 17, 2008).  Subaru is not a

6    citizen of the State of California.

7          11.     Thus, complete diversity of citizenship exists between the parties.

8    Plaintiff is a citizen of California and Subaru is a citizen of New Jersey.

9          **B.**    **<u>The Amount In Controversy Requirement Is Satisfied</u>**

10         12.     The amount in controversy in this action exceeds $75,000, exclusive of

11   interest and costs.  *See* 28 U.S.C. § 1332(a).

12         13.     Plaintiff has not plead a specific amount of damages in the Complaint.

13   "[W]here it is unclear or ambiguous from the face of a state-court complaint whether

14   the requisite amount in controversy is pled," the courts "apply a preponderance of the

15   evidence standard."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

16   2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 494 (9th Cir. 1996).

17   Under this standard, a defendant can establish the requisite amount in controversy by

18   providing evidence establishing that it is "more likely than not" that the amount in

19   controversy exceeds the requisite $75,000.  *Abrego v. Dow Chemical Co.*, 443 F.3d

20   676, 683 (9th Cir. 2006).

21         14.     Subaru disputes that it is liable for any damages whatsoever to Plaintiff.

22   Nevertheless, Subaru can demonstrate by a preponderance of the evidence that the

23   amount in controversy exceeds $75,000.

24         15.     As noted above, Plaintiff asserts causes of action claiming various

25   breaches of warranty and seeks monetary damages.  (*See generally* Compl.)  Among

26   other things, Plaintiff alleges breach of express and implied warranties under Song-

27   Beverly (Cal. Civ. Code § 1790 *et seq.*).  (*See* Compl. ¶¶ 63-75.)  Plaintiff alleges that

28   on April 23, 2013, she leased a new 2014 Subaru Forester XT, and that the vehicle

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS
ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

1   was defective because it suffered from unexpected surging and stalling.  (*See* Compl.
2   ¶¶ 19, 23.)

3       16.    Plaintiff seeks attorney's fees, restitution, reimbursement of the price
4   paid for the vehicle, costs, expenses, incidental and consequential damages, and
5   "statutory enhanced damages."  (*See* Compl. ¶¶ 64-66 and Prayer for Relief.)

6       17.    Song-Beverly provides for restitution, which is the "amount equal to the
7   actual price paid or payable by the buyer . . . and including any collateral charges such
8   as sales or use tax, license fees, registration fees, and other official fees, plus any
9   incidental damages to which the buyer is entitled under Section 1794, including, but
10  not limited to, reasonable repair, towing, and rental car costs actually incurred by the
11  buyer."  Civ. Code § 1793.2(d)(2)(B).

12      18.    Song-Beverly further provides for civil penalty damages, i.e. "statutory
13  enhanced damages."  *See* Cal. Civ. Code § 1794(c).  The civil penalty can be a
14  maximum of two times the amount of Plaintiff's actual damages.  *Id.*  Such damages
15  are properly included in the calculation of the amount in controversy in this action.
16  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

17      19.    Song-Beverly also allows for the recovery of attorney's fees.  *See* Cal.
18  Civ. Code § 1794(d).  Attorney's fees in warranty matters brought pursuant to Song-
19  Beverly regularly exceed $50,000.  (Maneker Decl. ¶ 4.)  The potential recovery of
20  attorney's fees is properly included in the calculation of the amount in controversy in
21  this action.  *See Brady*, 243 F. Supp. 2d at 1011.

22      20.    The above provisions of Song-Beverly apply equally to buyers and
23  lessees of new motor vehicles.  *See* Cal. Civ. Code §§ 1793.2(d)(2)(D), 1795.4.

24      21.    Subaru is informed and believes that Plaintiff's lease payments were
25  $620.31 per month, and Plaintiff made each month's payment from April 2013 until
26  she returned the vehicle in or around October 2016, for a total of 42 payments.  Thus,
27  if Plaintiff were to prevail on her restitution claim, she would be entitled to
28  $26,053.02 for past lease payments made ($620.31 x 42).

22.    Furthermore, if Plaintiff were to prevail on her claim for "statutory enhanced damages," i.e. civil penalty damages, she would be entitled to an additional $52,106.04.  (Cal. Civ. Code §§ 1793.2(d)(2)(B)-(C), 1794(c).)

23.    As such, Plaintiff may be entitled to $78,159.06, for past lease payments made and civil penalty damages.

21.    Furthermore, Plaintiff would be entitled to incidental and consequential damages and attorney's fees.  Indeed, attorney's fees alone may exceed $50,000.  (*See* Maneker Decl. ¶¶ 4-5.)  Thus, the total amount in controversy exceeds $75,000, exclusive of interest and costs, and the amount in controversy requirement is therefore satisfied.

## II.    CAFA JURISDICTION

22.    As set forth below, this Court also has jurisdiction under CAFA, 28 U.S.C. § 1332(d), and this action may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Subaru is not a State, State official, or other governmental entity; (3) there is diversity between at least one class member and Subaru; and (4) the total amount in controversy for all class members exceeds $5,000,000.

### A.    The Proposed Class Contains At Least 100 Members

23.    28 U.S.C. section 1332(d)(5)(B) provides that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  This requirement is easily met in the case at bar.

24.    As set forth in the Complaint, Plaintiff seeks to represent a class consisting of "all residents of California who purchased or leased a 'Class Vehicle.'" (Compl. ¶ 27.)  A "Class Vehicle" is defined as any vehicle that is one of the following models: 2014 Subaru Forester XT, 2015 Subaru Forester XT, 2016 Subaru

/ / /

-6-                    Case No. 5:18-CV-00118

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

Forester XT, and 2016 Subaru Forester WRX.[1]  (*Id.*)  A total of 10,654 Class Vehicles have been sold or leased in California.  (Gray Decl. ¶ 6.)  Furthermore, in her Complaint, Plaintiff alleges "the proposed class is composed of thousands of persons." (Compl. ¶ 35.)  Therefore, the size of the putative class in this action is more than 100 members.

**B.**     **Subaru Is Not A Governmental Entity**

25.     Under 28 U.S.C. section 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

26.     Subaru is a corporation, and is not a State, State official, or other government entity exempt from CAFA.  (*See* Gray Decl. ¶ 2.)  As Plaintiff concedes, Subaru is a corporation.  (*See* Comp. ¶ 2.)

**C.**     **There Is Diversity Of Citizenship Between At Least One Class Member And Subaru**

27.     CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

28.     As stated in Section I above, diversity as to Plaintiff—a potential class member—and Subaru exists.  Plaintiff is a citizen of California and Subaru is a citizen of New Jersey.  (*See* ¶¶ 8-11.)  Thus, diversity as to at least one putative class member and at least one defendant exists.

29.     No other party has been named or served as of the date of this removal. Accordingly, diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A).

/ / /

/ / /

---

[1] There is no 2016 Forester WRX model.  (Gray Decl. ¶ 3.)  There is, however, a 2016 Subaru WRX.  (*Id.*)

-7-                    Case No. 5:18-CV-00118

1

**D.     The Amount In Controversy Exceeds $5,000,000[2]**

2      30.    This Court has jurisdiction under CAFA, which authorizes the removal of

3 class actions in which, among the other factors mentioned above, the amount in

4 controversy for all class members exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

5 "The claims of the individual class members shall be aggregated to determine whether

6 the matter in controversy exceeds" this amount.  *Id.* at § 1332(d)(6).

7      31.    As noted above, Plaintiff's Complaint is silent on the amount in

8 controversy.  Under CAFA, where a complaint fails to state the amount in

9 controversy, the defendant's notice of removal may do so.  *Dart Cherokee Basin*

10 *Operating Co., LLC*, 135 S.Ct. at 551.  The notice of removal need simply include "a

11 plausible allegation that the amount in controversy exceeds the jurisdictional

12 threshold."  *Id.* at 554; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195

13 (9th Cir. 2015).  "[N]o antiremoval presumption attends cases invoking CAFA."  *Dart*

14 *Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554.  On the face of the Complaint,

15 the amount in controversy in this case exceeds $5,000,000.

16      32.    Plaintiff alleges a cause of action for breach of express warranty pursuant

17 to Song-Beverly.  (*See* Compl. ¶¶ 63-67.)  Pursuant to this cause of action, Plaintiff

18 seeks "a refund of the full purchase price of" each class member's vehicle, "including

19 all collateral charges and finance charges, and/or a replacement vehicle, plus all

20 attorney fees and costs."  (Compl. ¶ 66 and Prayer for Relief.)

21      33.    The "Class Vehicles" identified in the Complaint had manufacturer's

22 suggested retail prices ("MSRP") for their base trim models[3] as follows: (1) the 2014

23

24 [2] The alleged damage calculations contained herein are for purposes of removal only.
25 Subaru denies that Plaintiff or the putative class are entitled to any relief whatsoever
26 and expressly reserves the right to challenge Plaintiff's alleged damages in this case,
including the proffered methodology for such calculations.

27 [3] The "base trim" model of a vehicle is the least expensive version of the model
28 produced by an automobile manufacturer.  (Gray Decl. ¶ 4.)  Higher trim levels
include additional features and therefore have a higher MSRP.  (*Id.*)

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS
ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

1   Subaru Forester XT had an MSRP of $27,995; (2) the 2015 Subaru Forester XT had
2   an MSRP of $28,495; (3) the 2016 Subaru Forester XT had an MSRP of $29,195; and
3   (4) the 2016 Subaru WRX had an MSRP of $26,195.  (Gray Decl. ¶ 6.)

4         34.   A total of 10,654 Class Vehicles have been sold or leased in California.
5   (Gray Decl. ¶ 6.)  As such, based on the MSRP for the Class Vehicles, if the putative
6   class members were to succeed on their Song-Beverly claims and recover the amount
7   paid or payable by the buyer, (s*ee* Cal. Civ. Code § 1793.2(d)(2)(B)), the amount
8   sought by Plaintiff's Complaint on behalf of the class amounts to hundreds of millions
9   of dollars.  Clearly the $5,000,000 amount in controversy requirement is satisfied.

10        35.   Further, Plaintiff's claims for attorney's fees must also be considered in
11  determining whether the jurisdictional limit is met.  "Where an underlying statute
12  authorizes an award of attorneys' fees, either with mandatory or discretionary
13  language, such fees may be included in the amount in controversy."  *Lowdermilk v.*
14  *U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS*
15  *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).  This further serves to increase
16  the amount in controversy.

17        36.   Plaintiff also seeks open-ended relief such as "[a]ll other relief, general or
18  special, legal and equitable, to which Plaintiff and Class Members may be justly
19  entitled as deemed by the Court."  (Compl. Prayer for Relief.)  Although uncertain in
20  amount, these additional damages claims only serve to increase the amount in
21  controversy.  *See Lewis v. Exxon Mobile Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D.
22  Tenn. 2004).

23        37.   Thus, although Subaru denies that Plaintiff and/or the putative class are
24  entitled to any relief, accepting Plaintiff's allegations as true, it is more likely than not
25  that the amount in controversy exceeds $5,000,000.  As set forth above, Plaintiff's
26  Complaint plausibly puts hundreds of millions of dollars in controversy, which does
27  not take into consideration attorney's fees and incidental and consequential damages.
28  Based on the allegations in Plaintiff's complaint, the $5 million jurisdictional

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS
ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441

1    requirement of CAFA is easily met.

2    **III.    THE NOTICE OF REMOVAL IS TIMELY**

3           38.    This Notice of Removal is being filed within thirty (30) days after service

4    on Subaru of the Complaint in this action.  Therefore, this Notice of Removal is

5    timely filed under 28 U.S.C. section 1446(b).

6           39.    This Notice of Removal is being filed within one (1) year of the

7    commencement of this action and therefore is timely under 28 U.S.C. section 1446(c).

8    **IV.    THE OTHER REQUIREMENTS FOR REMOVAL ARE MET**

9           40.    Removal to this Court is proper as the Superior Court of the State of

10   California, County of San Bernardino, where this action was originally filed, is

11   located within this district and division.  Thus, venue is proper under 28 U.S.C.

12   section 84 because this is the "district and division within which such action is

13   pending . . . ."  28 U.S.C. § 1446(a).

14          41.    Counsel for Subaru certifies that it will file a copy of this Notice of

15   Removal with the Clerk of the Superior Court of the State of California, Count of San

16   Bernardino, and give notice to counsel for Plaintiff.

17

18   Dated:  January 18. 2018            **WILSON TURNER KOSMO LLP**

19

20                                    By:    */s/Meryl C. Maneker*
21                                           MERYL C. MANEKER
                                             KATHERINE M. MCCRAY
22                                           ALEXANDRA L. PREECE
                                             Attorneys for Defendant
23                                           SUBARU OF AMERICA. INC.

24

25

26

27

28

DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF REMOVAL OF CLASS
ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d)(2), AND 1441