# EXHIBIT A

COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff Cheryl Sauer*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 2 0 2017

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNADINO**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| CHERYL SAUER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUBARU OF AMERICA, INC., <br><br> Defendant. | Case No.: CIVDS1725133 <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> **(Amount to Exceed $25,000)** |

BY FAX

**COMPLAINT**

NOW COMES the Plaintiff, CHERYL SAUER, by and through Plaintiff's attorney, LAW OFFICES OF TODD M. FRIEDMAN, P.C., and for Plaintiff's Complaint against, SUBARU OF AMERICA, INC., alleges and affirmatively states as follows:

**PARTIES**

1.      Plaintiff, CHERYL SAUER ("Plaintiff"), is an individual who leased subject vehicle in the State of California.

1

CLASS ACTION COMPLAINT

2.      Defendant, SUBARU OF AMERICA, INC. ("Defendant"), is a corporation, authorized to do business in the State of California, and engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships. Defendant does business in all counties of the State of California.

## **BACKGROUND**

3.      Plaintiff CHERYL SAUER bring this action individually for herself and on behalf of all persons who purchased or leased in California certain vehicles equipped with uniform and uniformly defective engines designed, manufactured, distributed, warranted, marketed, and sold or leased by SUBARU OF AMERICA, INC. ("Subaru") ("Manufacturer"), as described below.

4.      The vehicles at issue in this action include all 2014 Subaru Forester XT, 2015 Subaru Forester XT, 2016 Subaru Forester XT, and 2016 Subaru Forester WRX (the "Class Vehicles").

5.      This action is brought to remedy violations of law in connection with Subaru's design, manufacture, marketing, advertising, selling, warranting, and servicing of the Class Vehicles. The Class Vehicles' engines ("Engines") have a serious design defect that causes the engines to suffer damage due to the engines being tuned too highly. Additionally, Defendant applied an undisclosed fix ("the Fix") during a mandatory emissions recall to the Engines in an attempt to fix the design defect in the Engines that rendered the Class Vehicles unusable due to intermittent stalling and sudden accelerating following the application of the Fix.

6.      On information and belief, the Engines are manufactured in substantially the same manner in all Class Vehicles, and does not vary from vehicle to vehicle in their construction, operation, or control. Additionally, the Fix was uniformly applied to the Engines of the Class Vehicles which did not vary from vehicle to vehicle in application.

CLASS ACTION COMPLAINT

EXHIBIT A

7.      Plaintiff believes that the damage caused by the Engines from being tuned too highly and further loss of control issues caused by the Fix represents a serious risk to drivers of the Class Vehicles and also significantly impacts the value of the Class Vehicles.

8.      In consideration for the purchase of the Class Vehicles, Manufacturer issued and supplied to Plaintiff and the Class Members several written warranties, as well as other standard warranties fully outlined in the Manufacturer's Warranty Booklet.

9.      On information and belief, prior to the manufacture and sale of the Class Vehicles, Subaru knew of the Engine Defects and issues relating to the Fix through internal sources, testing, and consumer complaints available online and in owner forums. Yet despite this knowledge, Subaru failed to disclose and actively concealed the Engine Defect from Class Members and the public, without remedying the internal issue.

10.     Further, Subaru issued an "emissions recall" ("the Recall") purported to resolve an issue in the ignition timing. In reality, this recall secretly updated the operating system on the Class Vehicles and detuned the Engines in an attempt to fix the damage caused by them.

11.     Subaru forced the Recall on consumers by threatening to refuse to renew the Class Vehicles' registration if they did not have the service performed on the Class Vehicles.

12.     As a result of the undisclosed operating system patch included in the Recall, Plaintiff's 2014 XT and other Class Vehicles began to experience Engine problems, including the Vehicles beginning to uncontrollably surge and stall while driving.

13.     When Plaintiff, and other putative Class members, attempted to bring this issue to Defendant caused by the Fix, Defendant disingenuously tried to shift blame away from the Fix and failed to provide a remedy to the problem, instead blaming it on the Engine itself rather than the software patched by the Fix. Based on Plaintiff's information and belief, Defendant knew all along that this problem was widespread, and was not able to be remedied, which they nevertheless kept selling to consumers, like Plaintiff.

CLASS ACTION COMPLAINT

EXHIBIT A

14.     The defects listed below violate the express written warranties issued to Plaintiff by manufacturer, as well as the implied warranty of merchantability.

15.     Plaintiff brought the vehicle to seller and/or other authorized service dealers of manufacturer to attempt repair on the above referenced defects, but Defendant's representatives failed to offer a solution to the problems caused by the Fix and failed to remedy the underlying problem of the defective Engine system.

16.     Plaintiff, and Class Members, were made to either drive an unsafe and unstable Subject Vehicle as caused by the Engine defects as well as defects caused by the Fix, or were required to leave the Subject Vehicle for multiple months without compensation until a substitute Engine could be provided, according to Defendant's representatives.

17.     Plaintiff, and class members, provided Manufacturer through Seller and/or other authorized dealers of Manufacturer sufficient opportunities to repair the vehicle.

18.     As a result of Defendant's alleged misconduct, Plaintiff and Class Members were harmed and suffered actual damages, in that the Class Vehicles have manifested, and continue to manifest, the Engine Defects and defects caused by the Fix, and Defendant has not provided a permanent remedy for these Defects. Furthermore, Plaintiff and the Class Members justifiably lost confidence in the Class Vehicles' reliability and said defects have substantially impaired the value of the Class Vehicles to Plaintiff and the putative class.

**PLAINTIFF'S ALLEGATIONS**

19.     As stated herein, Plaintiff entered a lease agreement for a new 2014 Subaru Forester XT on April 23, 2013.

20.     Plaintiff leased this vehicle for personal and family use.

21.     Plaintiff brought her vehicle into the dealership for the mandatory emissions service, referred to above as the Fix, around March 2016.

4

22.     In the process of doing the Fix, Defendant also re-tuned the Engines in an attempt to fix the overtuning defect present in the Engines. Defendant did not disclose that it was re-tuning the Engines as part of the Fix.

23.     Following the Fix being applied, Plaintiff's Vehicle began exhibiting unexpected surging and stalling in the Engine.

24.     Plaintiff presented this problem to Defendant, but Defendant initially refused to analyze, correct, replace, or otherwise fix the issues with Plaintiff's Vehicle caused by the Fix. After multiple complaints by Plaintiff, Defendant finally offered to potentially replace the Engine in Plaintiff's Vehicle as a correction to the problems caused by the Fix, however also told Plaintiff that the replacement would not be available for multiple months.

25.     The defects in the Engine and defects caused by the Fix significantly decreased the safety, driveability, and value of Plaintiff's Vehicle.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action for herself and on behalf of the Class Members. Plaintiff is informed and believe that, because of the Engine Defect and defect caused by the Fix, the Class Vehicles have suffered a significant decrease in safety, drivability, and value the Class Vehicles.

27.     Plaintiff bring this class action on behalf of herself and all other similarly situated members of the proposed class (the "Class"), defined as follows:

All residents of California who purchased or leased a Class Vehicle with the Engine. A "Class Vehicle" is defined as any Vehicle of the following models: 2014 Subaru Forester XT, 2015 Subaru Forester XT, 2016 Subaru Forester XT, and 2016 Subaru Forester WRX.

28.     Plaintiff bring this lawsuit as a class action on behalf of herself and all other similarly situated individuals pursuant to Cal. C. Civ. Proc. § 382. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

CLASS ACTION COMPLAINT

EXHIBIT A

16

29. Excluded from the Class are: (1) Subaru, any entity or division in which Subaru has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) governmental entities; and (4) claims for personal injuries resulting from the facts alleged herein. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded, divided into subclasses, or modified in any other way.

30. The defect that Plaintiff and the Class Members experienced was the result of the Engines being overtuned and undisclosed modifications made as part of the Fix.

31.     As various complaints of this issue are present online and multiple consumers have complained across the country, it is clear that Subaru knew or should have known that the defects that were present with the Engine and the Fix, which could and did cause damage to the Engine as well as intermittent stalling and accelerating of Class Vehicles. Yet, incredibly, Subaru continued to deny the existence of this issue, thus presenting a continued risk to the CLASS MEMBERS health and safety.

32.     On information and belief, prior to the manufacture and sale of the Class Vehicles, Subaru knew of the Engine Defect and Fix Defect through, or as evidenced by, sources such as pre-release design and testing information; technical service bulletins; consumer complaints made directly to Subaru and/or posted on public online forums; testing done, including testing in response to consumer complaints; and previous lawsuits on the same issue.

33.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

34.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

CLASS ACTION COMPLAINT

EXHIBIT A

17

36.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

37.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

38.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Vehicles to Plaintiff and other Class Members;

        (b)     Whether Defendants made misrepresentations with respect to the Class Vehicles sold to consumers;

        (c)     Whether Defendants profited from the sale of the Class Vehicles that exhibited Engine defects and the Fix defects;

        (d)     Whether Defendants violated California Bus. & Prof. Code § 17200, et seq. and California Bus. & Prof. Code § 17500, et seq.;

        (e)     Whether Defendants breached the warranty provided to Class Members;

        (f)     Whether Defendant breached the implied warranty provided to Class Members;

        (g)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

        (h)     Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

        (i)     The method of calculation and extent of damages for Plaintiff and Class Members.

39. The claims of Plaintiff are not only typical of all class members, they are identical.

40.     All claims of Plaintiff and the class are based on the exact same legal theories. Plaintiff has no interest antagonistic to, or in conflict with, the class. Plaintiff is qualified to, and

EXHIBIT A

18

will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period.

41.      Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

42.      Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class. Common questions will predominate, and there will be no unusual manageability issues.

## JURISDICTION

43.      This Court has personal jurisdiction over Defendant. Defendant is headquartered in California, conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with the State of California such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

44.      Venue is proper in the County of San Bernardino because Plaintiff resides here and has resided here at all relevant times, Defendant conducts business here and has done so at all relevant times, and all or a significant portion of the events giving rise to this action occurred here.

## COUNT I
### BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
### MANUFACTURER

45.  Plaintiff realleges and incorporates by reference as fully set forth herein, paragraphs 1-45 of this Complaint.

46.      Plaintiff is a purchaser of a consumer product who received the Subject Vehicle during the duration of a written warranty period applicable to the Subject Vehicle and who is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

47.      Manufacturer is a person engaged in the business of making a consumer product

CLASS ACTION COMPLAINT

EXHIBIT A
19

directly available to Plaintiff.

48.     Seller is an authorized dealership/agent of Manufacturer designed to perform repairs on vehicles under Manufacturer's automobile warranties.

49.     The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq. ("Warranty Act") is applicable to Plaintiff's Complaint in that the Subject Vehicle was manufactured, sold and purchased after July 4, 1975, and costs in excess of ten dollars ($10.00).

50.     Plaintiff and all Class Members' purchase of the Class Vehicles were accompanied by written factory warranties for any non-conformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the purchase of the Class Vehicles, to repair the Class Vehicles, or take other remedial action free of charge to Plaintiff and the Class Members with respect to the Class Vehicles in the event that the Class Vehicles failed to meet the specifications set forth in said undertaking.

51.     Said warranties were the basis of the bargain of the contract between the Plaintiff and Class Members and Manufacturer for the sale of the Class Vehicles to Plaintiff and the Class Members.

52.     Said purchase of the Class Vehicles was induced by, and Plaintiff and the Class Members relied upon, these written warranties.

53.     Plaintiff and the Class Members have met all of their obligations and preconditions as provided in the written warranties.

54.     As a direct and proximate result of Manufacturer's failure to comply with its express written warranties, Plaintiff and the Class Members have suffered damages and, in compliance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages and other equitable relief.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
## MANUFACTURER

55.     Plaintiff realleges and incorporates by reference as through fully set forth herein, paragraphs 1-55 of this complaint.

9

EXHIBIT A

20

56.     The Class Vehicles purchased by Plaintiff and the Class Members were subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7) running from the Manufacturer to the intended consumer, Plaintiff and the Class Members herein.

57.     Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff and the Class Members.

58.     Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract in writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a motor vehicle.

59.     Pursuant to 15 U.S.C. §2308, the Class Vehicles were impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the Class Vehicles were intended.

60.     The Class Vehicles were warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

61.     The above described defects in the Class Vehicles render the Class Vehicles unfit for the ordinary and essential purpose for which the Class Vehicles were intended.

62.     As a result of the breaches of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

## COUNT III
## SONG –BEVERLY CONSUMER WARRANTY ACT

63.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-63 of this Complaint.

64.     Pursuant to Cal Civ. Code.  §1793.2, Plaintiff and the Class Members have

10

CLASS ACTION COMPLAINT

EXHIBIT A
21

presented the Class Vehicles to Seller and/or other authorized service dealers of Manufacturer within the term of protection and have tendered the subject vehicle for (for the above-mentioned defects that substantially affect the use, value and safety of the Class Vehicles.

65. Manufacturer, through Seller and/or other authorized dealerships, have been unable to repair said defects in the Class Vehicles, despite a reasonable number of attempts.

66. Pursuant to Cal Civ. Code. §1793.2, Plaintiff is entitled to a refund of the full purchase price of the vehicle, including all collateral charges and finance charges, and/or a replacement vehicle, plus all attorney fees and costs.

67. Manufacturer has willfully violated the provisions of this act by knowing of its obligations to refund or replace the Class Vehicles to Plaintiff and the Class Members, but failing to fulfill them.

## COUNT IV
## SONG –BEVERLY CONSUMER WARRANTY ACT

68. Plaintiff realleges and incorporate by reference as though fully set forth herein, paragraphs 1-68 of this Complaint.

69. The Class Vehicles purchased by Plaintiff and Class Members were subject to an implied warranty of merchantability as defined in Cal. Civ. Code §1790 running from the Manufacturer to the intended consumer, Plaintiff and the Class Members herein.

70. Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

71. Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code §1790.

72. Pursuant to Cal. Civ. Code §1790, the Class Vehicles were impliedly warranted to be fit for the ordinary use for which the Class Vehicles were intended.

CLASS ACTION COMPLAINT

EXHIBIT A

22

73.     The Class Vehicles were warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

74.     The above described defects in the Class Vehicles caused it to fail to possess even the most basic degree of fitness for ordinary use.

75.     As a result of the breaches of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

**Count V**
**Violation of the California False Advertising Act**
**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

76.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

77.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Class Vehicles to Plaintiff and Class Members, and made false representations to Plaintiff and other putative class members in order to not repairs to these vehicles, without remedying the true problem with the Engines.

78.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

79.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false representations that the Engine did not suffer from defects and that the Fix had not caused further problems, Plaintiff and other Class Members suffered damage by being forced to drive unsafe Vehicles and decreasing the resale value of the Subject Vehicles.  Therefore Plaintiff and other Class Members have suffered injury in fact.

80.     Plaintiff alleges that these false and misleading representations made by Defendant

12

CLASS ACTION COMPLAINT

EXHIBIT A
23

constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

81.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be of a particular quality

82.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

83.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## COUNT VI
## Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

84.     Plaintiff incorporates by reference each allegation set forth above.

85.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk

13

CLASS ACTION COMPLAINT

EXHIBIT A
24

of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

86.    California Business & Professions Code § 17200 prohibits any "unfair . . business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

87.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

88.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to knowingly sell defective Class Vehicles, and to fail to remedy the issue caused by the Fix.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

89.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were of a certain luxury value

CLASS ACTION COMPLAINT

EXHIBIT A
25

and price, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products were not of a suitable quality to be sold, due to the defective Engine, Defendant unfairly profited from their sale.  Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

90.      Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the quality of the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were in a permanently defective condition, due to the defects with the Engine.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase these Class Vehicles.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

91.      Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

92.      California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

93.      The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

94.      Here, not only were Plaintiff and the Class members likely to be deceived, but these

CLASS ACTION COMPLAINT

EXHIBIT A
26

consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they were of a suitable quality and merchantable condition, when in fact they were not suitable to be sold, and were being sold with an inherent defect in the Engine. Further, Defendant's implementation of the Fix without disclosing the full nature of it which caused further defects to manifest in the Subject Vehicles further caused them to be unsuitable to be driven. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

95.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being in a merchantable condition, and thus falsely represented the Class Products.

96.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

97.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful...business act or practice."

98.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a lower price than they were.

99.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

EXHIBIT A

27

100.    These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

101.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

102.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

103.    Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and the Class, requests the following relief:

a.  An order certifying the Class and appointing Plaintiff as Representative of the Class;

b.  An order certifying the undersigned counsel as Class Counsel;

c.  An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

d.  An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

e.  Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misrepresented Class Services during the relevant class period;

f.  Punitive damages, as allowable, in an amount determined by the Court or jury;

g.  Any and all statutory enhanced damages;

17

CLASS ACTION COMPLAINT

EXHIBIT A

28

h. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

i. Pre- and post-judgment interest; and

j. All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Date: December 19, 2017

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
TODD M. FRIEDMAN, ESQ.
Attorneys for Plaintiff
CHERYL SAUER

18

CLASS ACTION COMPLAINT